COURT OF APPEALS
DECISION
DATED AND FILED

May 15, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1759**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV4571

IN COURT OF APPEALS
DISTRICT II

---

NICOLE MCDANIEL, DAVID SMITH AND MATTHEW DAVIS,

PLAINTIFFS-RESPONDENTS,

V.

WISCONSIN DEPARTMENT OF CORRECTIONS,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: GLENN H. YAMAHIRO, Judge. *Reversed.*

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The Wisconsin Department of Corrections (DOC) appeals from an order of the circuit court certifying a class of current and former DOC employees seeking compensation for time spent undergoing security checks and walking to and from their assigned work posts. The primary issue before us is whether the court erroneously exercised its discretion in certifying the class. We conclude that it did. Class certification is not warranted because the legal theory upon which the proposed class would recover damages has been rejected as a matter of law. Without a valid legal basis for damages upon which the purported class representatives can recover, the commonality and typicality requirements for class certification are not met. Accordingly, we reverse.

## BACKGROUND

¶2 The parties do not dispute the following facts as set forth by the circuit court in its decision and order granting class certification.

¶3 DOC hourly employees Nicole McDaniel and David Smith (collectively, McDaniel) filed a wage and hour suit against the DOC. McDaniel also sought to certify a class based on the DOC's alleged violations of WIS. STAT. §§ 109.01-0303 (2021-22).[1] McDaniel further requested a declaratory judgment adjudicating the class members' right to be paid for all future compensable work.

¶4 McDaniel argued that class certification is warranted based on evidence presented about the DOC employees' pre-shift and post-shift activities, comprised of waiting in line for and passing through security checkpoints, getting

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

post assignments and equipment, and walking to and from work posts. Following a hearing on McDaniel's motion, the circuit court noted that "[t]estimony has indicated that members of the proposed class have varying amounts of allegedly uncompensated time," from "3 minutes a day doing pre- and post-shift activities, while others can spend up to 30 minutes a day." The court described that McDaniel's expert, William Rogers, reviewed security camera videotapes from prisons, among other evidence, "to produce a methodology to calculate the wages owed to correctional officers." "Rogers would calculate the class's damages using representative samples and the averaging of data gleamed [sic] from the videos." It found that Rogers' testimony could assist a jury with determining individual damage amounts for class members despite differences in the time spent engaged in various pre-shift and post-shift activities. The court further observed that potential differences in amounts recoverable by various purported class members do not hinder its ability to certify a class.

¶5     The DOC objected to class certification on numerous grounds. Relevant to this decision, the DOC argued that certification was not warranted as a matter of law because the argument "that [the purported class members] are performing compensable work when walking to and from their posts" "has not been recognized under Wisconsin law." They argued that the Portal-to-Portal Act and its state law equivalent, WIS. ADMIN. CODE § DWD 272.12(2)(g)2, specifically preclude compensation for time spent on the "preliminary" and "postliminary" activities[2] specified by McDaniel, such as walking to a post or

_____

[2] In discussing the work activities for which McDaniel sought compensation, the terms "preliminary and postliminary activities" are interchangeable with "pre-shift and post-shift activities."

3

waiting in line to pass through security. The DOC asserted that a class cannot be certified when the avenue for recovery sought has been rejected as a matter of law.

¶6      The circuit court disagreed with the DOC. It granted McDaniel's motion "because the core legal theory is sufficiently plausible for granting a motion for class certification motion." The court addressed McDaniel's merits theory and explained that "[t]he analysis here turns on whether it is at least plausible that going through a security process and walking to a certain post is a principal activity for WDC employees."

¶7      Based on its conclusion that McDaniel's theory was "plausible," the circuit court certified the following class as requested by McDaniel:

> All current and former non-exempt, hourly-paid [DOC] employees who worked as security personnel in a correctional institution (including but not limited to Correctional Officers and Correctional Sergeants) in the State of Wisconsin at any time during the period starting two years before this action commenced through the date of judgment ("the Class Period").

The DOC appeals.

## DISCUSSION

¶8      The Wisconsin statute governing certification of classes, WIS. STAT. § 803.08, requires the plaintiff to first establish three facts about the proposed class and the representative—referred to as numerosity, commonality, and typicality—and one fact about the plaintiff's ability to represent the class. A plaintiff must show that:

(a)  The class is so numerous that joinder of all members is impracticable.

(b)  There are questions of law or fact common to the class.

4

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

(d) The representative parties will fairly and adequately protect the interests of the class.

WIS. STAT. § 803.08(1).

¶9 A circuit court's decision to grant or deny a motion for class certification is committed to the circuit court's discretion. ***Hermanson v. Wal-Mart Stores, Inc.***, 2006 WI App 36, ¶3, 290 Wis. 2d 225, 711 N.W.2d 694. A circuit court exercises its discretion when it considers the facts of record and reasons its way to a rational, legally sound conclusion. ***McCleary v. State***, 49 Wis. 2d 263, 277, 182 N.W.2d 512 (1971). We affirm discretionary decisions if the circuit court applied the correct law to the facts of record and reached a reasonable decision. ***Hermanson***, 290 Wis. 2d 225, ¶3.

¶10 Wisconsin courts "look to federal case law for guidance" in reviewing class certification decisions.[3] ***Harwood v. Wheaton Franciscan Servs., Inc.***, 2019 WI App 53, ¶5, 388 Wis. 2d 546, 933 N.W.2d 654. Federal law likewise commits class certification decisions to the discretion of the trial courts. *See* ***Mullins v. Direct Dig., LLC***, 795 F.3d 654, 659 (7th Cir. 2015). "A [trial] court by definition abuses its discretion when it makes an error of law." ***Koon v. United States***, 518 U.S. 81, 100 (1996); *see also* ***King v. King***, 224 Wis. 2d 235, 248, 590 N.W.2d 480 (1999).

---

[3] The former Wisconsin class-certification statute was repealed and recreated by Supreme Court Order with the stated purpose of aligning the statute with the federal class action Federal Rules of Civil Procedure Rule 23. The recreated statute, WIS. STAT. § 803.08, controls the analysis of this appeal.

5

¶11     When determining whether to certify a class or classes, the circuit court's analysis must be "rigorous"—that is, a party seeking class certification must affirmatively demonstrate with evidentiary showings that it has met the requirements of Fed. R. Civ. P. 23; the circuit court may not infer that class certification is warranted based on the pleadings. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). This rigorous analysis will necessarily entail "some overlap with the merits of the plaintiff's underlying claim." *Id.*; *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) ("[A] district court must consider the merits if they overlap with the Rule 23(a) requirements.")

¶12     In *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), the Supreme Court considered the compensation claims of employees of a company that provided warehouse staff to Amazon's fulfillment centers. These employees were hired to retrieve inventory and to package it for shipment. In their putative class action, the plaintiffs alleged on behalf of similarly situated employees that Integrity Staffing had violated provisions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq. (as amended by the Portal-to-Portal Act of 1947 § 251 et seq.),[4] by failing to compensate them for

---

[4] The Portal-to-Portal Act amended the FLSA by creating two categories of work-related activities for which employers were not liable:

> (a) ... [N]o employer shall be subject to any liability or punishment ... on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for ...
>
>> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>>
>> (2) activities which are preliminary to or postliminary to said principal activity or activities,

(continued)

time they spent waiting to undergo and undergoing security screenings following their scheduled shifts.

¶13 The Supreme Court reviewed the legislative history of the FLSA and its interpretation of the act, as well as the amendment of the act by the provisions of the Portal-to-Portal Act. The Court observed that the Portal-to-Portal Act was created by Congress in direct response to a series of "expansive definitions" of a "workweek" under the FLSA. *Id.* at 31. For example, the Court had found compensable the time spent traveling between mine portals and underground work areas, *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944), and the time spent walking from time clocks to work benches, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 691–692 (1946). In response, the Portal-to-Portal Act specifically excludes from compensable time all activities that are "preliminary and postliminary" to the principal activities for which an employee was hired, such as time spent commuting, time spent walking from the entrance of a workplace to one's assigned post, and other similar activities. *Integrity Staffing*, 574 U.S. at 32-33.

¶14 Following that overview, the *Integrity Staffing* Court unanimously concluded that employees' time spent waiting to undergo and undergoing security screenings was not compensable by law. The Court concluded that the disputed time was not compensable because participation in the security screenings was

which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a).

merely postliminary to the performance of the principal activity which the employees had been hired to perform. The Court reasoned that an activity is not "integral and indispensable" to an employee's principal activities "unless it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform those activities." *Id.* at 35. It observed that Integrity Staffing could have eliminated the security screenings altogether without impairing the employees' ability to complete their work, i.e., retrieving products from warehouse shelves and/or packaging them for shipment. Consequently, the putative class action was dismissed.

¶15     Deciding whether the claims of the putative class representatives coincide with the claims of the proposed class members requires the circuit court to evaluate the nature of the claims asserted. If the claims of the putative class representatives in this case do not remain viable following the decision of the Supreme Court in *Integrity Staffing* and other post Portal-to-Portal Act cases, the class representatives certainly may not undertake to represent the purported claims of others. At the threshold of a class certification analysis necessarily is a consideration of whether a compensable injury is at issue. Thus, contrary to McDaniel's position, a consideration of the merits of this case cannot be separated from the preliminary procedural question concerning certification of the proposed class action.

¶16     McDaniel advances what she purports to be two legal questions that are common to the group—whether pre-shift security screening and walking to and from the assigned work post are compensable principal activities. We conclude that they are not. As explained by the Court in *Integrity Staffing*, "when performed under the conditions normally present," activities including "checking in and out and waiting in line to do so, changing clothes, washing up or showering,

and waiting in line to receive pay checks" are "'preliminary'" or "'postliminary'" activities. *Id.* at 34–35 (citation omitted). Applying this standard, courts have "dismiss[ed] FLSA claims by prison employees for time spent in security screenings because the time was not 'integral and indispensable' to their principal activities. *See, e.g.*, ***Aitken v. United States***, 162 Fed. Cl. 356, 365 (2022), citing ***Alkire v. United States***, 158 Fed. Cl. 380, 391 (2022); ***Medrano v. United States***, 159 Fed. Cl. 537, 545 (2022). "The ending caveat is that time an employee takes to accomplish the mechanical steps of entering and exiting the workplace is not compensable, even if that involves waiting in a line." ***Weissman v. Tyson Prepared Foods, Inc.***, 2013 WI App 109, ¶26, 350 Wis. 2d 380, 395, 838 N.W.2d 502. As demonstrated, the law is clear that the activities on which McDaniel bases her motion for class certification are not compensable.

¶17　In sum, McDaniel can point to no "questions of law or fact ... common to the class" regarding activities at the start and end of the compensable workday. *See* WIS. STAT. § 803.08(1)(b). Nor can she identify viable "claims or defenses ... typical of the claims or defenses of the class." *See* § 803.08(1)(c). As such, there is no basis to conclude that the commonality and typicality requirements are met. Having failed to meet the commonality and typicality requirements as a matter of law, McDaniel's class certification motion fails.[5]

---

[5] In light of our decision that McDaniel has failed to establish commonality and typicality, we need not address the other grounds on which the circuit court based its certification decision. *See* ***Village of Slinger v. Polk Properties LLC***, 2021 WI 29, ¶26 n.12, 396 Wis. 2d 342, 957 N.W.2d 229 (explaining that we decide cases "on the narrowest possible ground" and do not reach issues we need not reach.)

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.